1
CRISTINA C. ARGUEDAS (CA SBN 87787)
LAUREL HEADLEY (CA SBN 152306)
2
ARGUEDAS, CASSMAN & HEADLEY
803 Hearst Avenue
3
Berkeley, CA 94710
Phone: 510.845.3000
4
Fax: 510.845.3003

5
Attorneys for Defendant
JONATHAN JIANG
6

7

8
UNITED STATES DISTRICT COURT
9
NORTHERN DISTRICT OF CALIFORNIA
10
SAN JOSE DIVISION
11

12
UNITED STATES OF AMERICA,                   CASE NO. CR 11-00857-LHK (PSG)

13
            Plaintiff,                       [PROPOSED] ORDER RESCHEDULING
                                             STATUS CONFERENCE TO SEPTEMBER
vs.                                          19, 2012 AND EXCLUDING TIME UNDER
14                                           THE SPEEDY TRIAL ACT

15
JONATHAN JIANG,

16
            Defendant.
_____/

17          The parties appeared before this Court for an initial status conference on February 22,

18   2012, and the matter was set for a status conference on April 25, 2012.  The Court thereafter

19   continued the April 25, 2012 status conference to May 30, 2012 to give the parties an

20   opportunity to meet and confer and exchange additional discovery.  The parties met and

21   conferred at which time the government proffered evidence related to new tax-related charges

22   which it intends to bring against defendant JIANG.  The Court then granted the parties' joint

23   request to continue the May 30, 2012 status conference to July 18, 2012 to allow the defense

24   time to conduct investigation based on the new information proffered by the government and to

25   allow the parties to explore a pre-charging resolution.  The parties now respectfully request the

26   court to continue the July 18, 2012 status conference to September 19, 2012 to give them time

27

28
[PROPOSED] ORDER RESCHEDULING STATUS
CONFERENCE TO 9/19/12 AND EXCLUDING TIME
UNDER THE SPEEDY TRIAL ACT

1    to explore a global resolution, as set forth below.

2           The reason for the requested continuance is to give the defense adequate time to

3    conduct investigation into the new information proffered by the government as well as the

4    defenses it may have to those new allegations.  The defense investigation includes acquiring

5    and evaluating documents from institutions in both domestic and foreign jurisdictions, many of

6    which are in a foreign language and require translation into English, and locating and

7    interviewing witnesses located inside and outside of the United States. Since the last request for

8    a continuance, counsel for Mr. JIANG has engaged in active investigation, including obtaining,

9    translating and evaluating records central to the new allegations, consulting experts and

10   interviewing witnesses.  However, additional time is needed, due in large part to the

11   complications involved in interviewing witnesses and acquiring records in foreign jurisdictions.

12          The parties believe it is in their respective interests to thoroughly explore the potential for

13   a global resolution, including both the charged and uncharged conduct, before the government

14   brings the additional charges. Counsel for the defense cannot adequately advise defendant

15   JIANG as to how to proceed with respect to either the charged or uncharged conduct without

16   conducting a thorough investigation.  For its part, the government recognizes this defense

17   investigation is a pre-requisite to meaningful settlement discussions.  For these reasons, the

18   parties jointly request additional time for both investigation and exploration of a global

19   resolution.

20          The parties additionally make a request to exclude time under the Speed Trial Act,

21   Title 18, U.S.C., Sections 3161(h)(7)(A); (h)(7)(B)(i) and (h)(7)(B)(iv).

22          For the reasons set forth below, the Court grants both requests.

23          The parties have stipulated, and this Court finds, that the time between July 18, 2012

24   and September 19, 2012, is properly excluded under the Speedy Trial Act, Title 18, United

25   States Code, Sections 3161(h)(7)(A); (h)(7)(B)(i) and (h)(7)(B)(iv). The parties represent, and

26   this Court finds, that this delay is necessary to allow for defense investigation and for the parties

27   to meet and discuss matters directly relating to this case. The parties agreed that the ends of

28   justice served by granting the requested continuance outweigh the best interest of the public

1   and the defendant in a speedy trial.

2         For the foregoing reasons, the Court HEREBY ORDERS the period between July 18,

3   2012 and September 19, 2012 is properly excluded under the Speedy Trial Act, Title 18, United

4   States Code, Sections 3161(h)(7)(A); (h)(7)(B)(i) and (h)(7)(B)(iv).  Based on the representation

5   of counsel for the United States and the Defendant, the Court finds that the ends of justice

6   served by granting the requested continuance outweigh the best interest of the public and the

7   defendant in a speedy trial and in the prompt disposition of criminal cases.

8   IT IS SO ORDERED

9   DATED: ____7/10____, 2012

10

11  THE HONORABLE LUCY H. KOH
    JUDGE OF THE UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28