# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-00857 (LHK) (PSG) |
| Plaintiff, | [~~PROPOSED~~] ORDER ENTERING STIPULATION TO RESCHEDULE FEBRUARY 20 CHANGE OF PLEA AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |
| v. | |
| JONATHAN JIANGUO JIANG, | |
| Defendant. | |

The defendant came before the Court for a status conference on September 19, 2012.  At that hearing, the matter was set for a status conference on December 5, 2012, at 10:00 AM before the Honorable Lucy H. Koh.  On November 28, 2012, the parties filed a stipulated request to continue the December 5, 2012 status conference to January 16, 2013, pending potential resolution of the case.  On January 14, 2013, the parties filed a stipulated request to continue the January 16, 2013 to February 20, 2013 for change of plea.   On February 19, 2013, the parties filled a stipulated request to continue the change of plea from February 20, 2013 to March 6, 2013.

The parties agreed, and the Court finds, that the time between February 20, 2013 and March 6, 2013, is properly excluded under the Speedy Trial Act, Title 18, United States Code §§ 3161(h)(7)(A); (h)(7)(B)(i) and (h)(7)(B)(iv).  The parties represent, and this Court finds, that the delay is necessary to allow counsel for the defendant and for the United States to effectively complete and review the final terms of a comprehensive criminal and civil tax resolution.  The parties agreed that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

[~~PROPOSED~~] ORDER ENTERING STIPULATION & EXCLUDING TIME
*United States v. Jonathan Jiang*, No. CR 11-0857 (LHK)(PSG)                    1

For the foregoing reasons, the Court HEREBY ORDERS the period between February 20, 2013 and March 6, 2013, is properly excluded under the Speedy Trial Act, Title 18, United States Code §§ 3161(h)(7)(A); (h)(7)(B)(i) and (h)(7)(B)(iv).

The Court finds that the failure to grant the requested continuance would deny defense counsel and counsel for the United States reasonable time necessary for effective preparation of an enforceable resolution, including the review of all law and regulations applicable to a complex tax matter. The Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases.

IT IS SO ORDERED.

2/19/13

*signature: Lucy H. Koh*

LUCY H. KOH
United States District Judge

**[PROPOSED]** ORDER ENTERING STIPULATION & EXCLUDING TIME
*United States v. Jonathan Jiang*, No. CR 11-0857 (LHK)(PSG)        2